Lieutenant Roger Lowery Marion County Sheriff's Office P.O. Box 366 Yellville, Arkansas 72687
Dear Lieutenant Lowery:
You have requested an official Attorney General's opinion, pursuant to A.C.A. § 25-19-105(c)(1), a section of the Freedom of Information Act (FOIA), concerning certain records in the possession of the Marion County Sheriff's Office.
An individual has requested the following records[1] that pertain to a former employee of the sheriff's office:
 • Records reflecting the pass/fail status of the former employee's psychological evaluation;
• Records reflecting the former employee's medical evaluation;
• Records reflecting the former employee's criminal background; and
 • Records reflecting the former employee's educational background (which would include his hours of attendance with the State Police Academy and Certification with Arkansas Standards.
As custodian of the records, you have inquired as to whether the FOIA requires that you release the requested records.
I must note that I have not been provided with the records in question, and therefore cannot opine conclusively as to whether any particular records must be released. However, I will set forth the applicable law under which you, as custodian of the records, can make a determination as to their release.
The determination will be quite simple with regard to medical records. Medical records are exempt from disclosure under the FOIA, pursuant to A.C.A. § 25-19-105(b)(2). It should be noted that psychological evaluations could constitute medical records, in which case they, too, would be exempt from disclosure. The term "medical records," as used in the FOIA, is not defined. This office has construed the term to apply to "records containing information relating to the treatment or diagnosis of a medical condition." See Op. Att'y Gen. No. 89-147. Accord, Op. Att'y Gen. No. 91-374.
Even if the psychological evaluations do not constitute "medical records," they may be exempt from disclosure under the general standard that applies to all "personnel records." Under the FOIA, "personnel records" that are not specifically exempt from disclosure (such as medical records) are subject to disclosure except to the extent that disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(10).
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the Arkansas Supreme Court has adopted a balancing test.
The court stated in Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992):
 The fact that section 25-19-105(b)(10) exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain `warranted' privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interest and disclosure will be favored.
Whether either the foregoing balancing test or the specific exemption for "medical records" would require the disclosure of psychological evaluations is a question of fact that will depend upon the nature of the specific information contained in the evaluations. It should be noted that I have previously opined that the public has a valid interest in knowing that its law enforcement officers are psychologically fit for duty. Op. Att'y Gen. No. 92-319. Given this consideration, the pass/fail results of a psychological evaluation should be released. However, the releasability of the substance of the evaluation itself should be scrutinized more carefully. Id.
With regard to criminal history records, this office has previously opined that under the balancing test set forth in Young, records reflecting a public servant's criminal history are subject to disclosure under the FOIA, unless the individual's criminal record has been expunged. See, e.g., Ops. Att'y Gen. Nos. 97-177; 95-113.[2]
We have also consistently opined that the disclosure of records reflecting an individual's educational background is not generally considered to constitute a "clearly unwarranted invasion of personal privacy," and that such records should therefore be released. Although the FOIA exempts "scholastic records" from disclosure, this office has construed that term very narrowly, applying it only to individual academic records, and not to lists of schools attended or degrees received. See, e.g., Ops. Att'y Gen. Nos. 94-319; 87-108. This office has specifically opined that records relating to a state-imposed standard of training and education cannot be considered "intimate information," and disclosing such records would not constitute a "clearly unwarranted invasion of personal privacy." See Op. Att'y Gen. No. 87-481. Such records should therefore be released. For these reasons, it is my opinion that records reflecting the individual's educational background generally, including his hours of attendance with the State Police Academy and Certification with Arkansas Standards, should be released.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] I note that the individual who made the request actually requested "information." The FOIA applies to records rather than to information. It does not require that you compile records that do not already exist in order to respond to a FOIA request. See Ops. Att'y Gen. Nos. 98-075 and 97-048; WATKINS, The Arkansas Freedom of Information Act 72 (2nd ed. 1994), and Attorney General Opinions cited therein.
[2] However, it should be noted that information collected and compiled by the Arkansas Crime Information Center is statutorily exempt from disclosure under the FOIA. See A.C.A. § 12-12-211 and Op. Att'y Gen. No.91-111. This statutory does not bar access to the same information, compiled and maintained by other public offices. See Op. Att'y Gen. No.97-177.